IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GRAPHIC ARTS MUTUAL INSURANCE COMPANY,** | |
| Plaintiff, | |
| v. | 1:16-cv-2951-WSD |
| **JANNIS LAVERNE PARSONS, and MOFFITT EDUCATIONAL ENTERPRISES, INC. d/b/a COVERED BRIDGE MONTESSORI SCHOOL,** | |
| Defendants. | |

## OPINION AND ORDER

On August 12, 2016, Plaintiff Graphic Arts Mutual Insurance Company ("Plaintiff") filed its Complaint for Declaratory Judgment [1] ("Complaint").

The Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 6). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Complaint does not adequately allege diversity jurisdiction because it fails to identify Plaintiff's citizenship.  The Complaint asserts that Plaintiff "is incorporated under the laws of the State of New York and duly authorized to conduct business in Georgia."  (Compl. ¶ 1).  This is insufficient because a corporation is a "citizen of every State and foreign state by which it has

been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added); see Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015) ("For diversity jurisdiction purposes, a corporation is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business."). While Plaintiff alleges its place of incorporation, Plaintiff does not identify its principal place of business.

Plaintiff is required to file an amended complaint properly alleging its citizenship. Unless Plaintiff does so, the Court must dismiss this action for lack of subject matter jurisdiction. See Travaglio v. Am. Express. Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Graphic Arts Mutual Insurance Company shall file, on or before September 6, 2016, an amended complaint properly alleging its citizenship. Failure to do so will result in dismissal of this action.

**SO ORDERED** this 23rd day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE